UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| YVONNE L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00172-RLY-TAB |
| | ) | |
| PAIGE BOVA KERVAN, | ) | |
| MARY DOZIER, | ) | |
| AMBER COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JUNE 12, 2023, TELEPHONIC STATUS CONFERENCE**

The Court held a status conference June 12, 2023, at the request of Plaintiff's counsel to address what Plaintiff's counsel termed a discovery dispute. Unfortunately, it quickly became clear that the parties had not adequately conferred on these issues in an effort to resolve the dispute before seeking Court involvement. In fact, Defendants represented that they were unaware of any discovery dispute.

This problem stemmed, in part, from the fact that Plaintiff's counsel never spoke directly with Defendants' counsel before seeking to enlist the Court's assistance with the alleged discovery dispute. Instead, counsel had merely exchanged emails. Contacting the Court in such a premature fashion flies in the face of the meet-and-confer requirements set forth in S.D. Ind. L.R. 37-1(a). See *Loparex, LLC v. MPI Release Technologies, LLC*, No. 1:08-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute. Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face.") (footnote omitted).

Moreover, the parties' dispute involved more than just discovery.  At bottom, Plaintiff objected to Defendants not providing an address and phone number for each witness listed in Defendants' initial disclosures.  Defendants' counsel's position was that the witnesses in question were employees of the Marion Superior Court, and as such Plaintiff's counsel needed to coordinate contacting any such witnesses through the Office of Corporation Counsel.  While this is perhaps a reasonable discovery-related dispute, Plaintiff did not stop there.  Plaintiff asked the Court to order Defendants not only to amend their initial disclosures, but "to order defense counsel not to solicit any non-party witnesses as clients."  Such relief (even assuming it would somehow be proper) goes well beyond a discovery dispute.

Accordingly, the Court declined to address any of the disputes Plaintiff's counsel sought to raise.  And in doing so, the Court reminded counsel (as it did at the May 10, 2023, initial pretrial conference) that counsel should work together to resolve disputes that needlessly threaten to sidetrack the litigation.  This topic arose at the initial pretrial conference because Plaintiff had filed a motion to strike what the Court termed "superfluous and unsupported affirmative defenses."  [Filing No. 14, at EFC p. 15.]  The Court gave Defendants the option of either responding to the motion to strike or simply filing a "more streamlined" answer.  [*Id.*]  Defendants chose to file an amended answer.  Unfortunately, and inexplicably, Defendants filed a motion for leave to file this amended answer, even though the Court already had granted Defendants leave to do so.  Accordingly, Defendants' motion for leave [Filing No. 16] is denied as moot provided, however, the amended answer attached to that motion [Filing No. 16-1] is deemed filed as of May 23, 2023.  As a result, Plaintiff's motion to strike Defendants' affirmative defenses to complaint [Filing No. 12] is likewise denied as moot.

Finally, the Court notes that Plaintiff also filed a "response in opposition" to Defendants' amended answer [Filing No. 19].  However, this response is not a motion and thus is procedurally improper.  As a result, no ruling will be forthcoming on this response.  Moreover, the Court encourages counsel to move beyond these early skirmishes and focus on the merits of the case and, hopefully, a path toward resolution.

Date: 6/13/2023

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email