UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| YVONNE L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00172-RLY-TAB |
| | ) | |
| PAIGE BOVA KERVAN, | ) | |
| MARY DOZIER, | ) | |
| AMBER COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DISCOVERY ORDER**

**I.   Introduction**

Federal Rule of Civil Procedure 33(a)(1) provides in relevant part that "… a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff served the three Defendants with interrogatories and requests for production that Defendants objected to as in violation of Rule 33(a)(1)'s 25-interrogatory limit.[1] The Court held a telephonic status conference on December 18, 2023, to address the parties' disputes regarding the number of interrogatories served, as well as some additional discovery issues. The parties appeared at the status conference by counsel, and the Court heard argument. At the conclusion of the conference, the Court sustained Defendants' objections and found that Plaintiff's interrogatories violated Rule 33(a)(1). This holding, as well as related rulings, are set forth below.

---

[1] The requests for production are implicated because these requests seek documents supporting Defendants' interrogatory responses. Accordingly, the propriety of the interrogatories dictates the propriety of the requests for production.

## II. Discussion

Discrete subparts count as one interrogatory when they are logically or factually subsumed within and necessarily related to the primary question. *Slabaugh v. State Farm Fire and Casualty Co.*, No. 1:12-cv-01020-RLY-MJD, 2013 WL 4777206, at *3 (S.D. Ind. Sept. 5, 2013). *Accord*, *Fair Housing Center of Central Indiana, Inc. v. Welton*, No. 1:18-cv-01098-JMS-DLP, 2019 WL 2422594, at *3 (S.D. Ind. June 6, 2019). The Court has attached to this order the three Defendants' responses to Plaintiff's interrogatories and requests for production. A review of Plaintiff's interrogatories makes it immediately apparent that these interrogatories are replete with an excessive and improper number of subparts that stray far from the primary questions presented by the interrogatories.

The Court will not detail all these examples here, except to note some of the more egregious violations contained, for instance, in the interrogatories directed to Defendant Mary Dozier. Specifically: (1) Interrogatory No. 2 questions the circumstances of Plaintiff's termination, with 21 subparts delving into every minutia of Plaintiff's termination; (2) Interrogatory No. 4 asks Dozier to explain all facts relied upon in denying the allegations in 17 separate complaint allegations; and (3) Interrogatory No. 8 asks Dozier to describe in detail all facts Dozier relied upon to assert 14 separate affirmative defenses.

Plaintiff argued at the status conference that these interrogatories sought relevant, discoverable information. The Court does not quarrel with that argument. However, this argument misses the point. The issue is whether Plaintiff has exceeded the 25-interrogatory limit in Rule 33(a)(1). By any measure, she has done so. If Plaintiff wants to pursue this information, she must serve significantly more focused interrogatories (and corresponding requests for production) that do not run roughshod over Rule 33(a)(1)'s limitation. This Court has routinely

granted parties leave to serve more than 25 interrogatories—as expressly allowed by Rule 33(a)(1). However, a party cannot blatantly flout Rule 33(a)(1)'s limitations, then try to circumvent that limitation when a discovery dispute arises simply by noting the offending interrogatories sought relevant information.

In fairness, the manner in which Defendants responded to Plaintiff's discovery requests did not help matters. "When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or 'answer up to the numerical limit and object to the remainder without answering.'" *Fair Housing Center*, No. 1:18-cv-01098-JMS-DLP, 2019 WL 2422594, at *4 (*quoting Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 493 at n.4 (W.D.N.C. 1998)). Instead, although Defendants raised numerosity and other objections, Defendants also answered some of the interrogatories. When the Court questioned Defendants at the status conference about this approach, Defendants stated they tried to answer the easiest interrogatories in order to provide a quicker response. This approach muddied the discovery waters more than necessary, but otherwise is not a cause for serious concern. The Court rejects Plaintiff's argument that by answering some of the interrogatories, Defendants waived their objections. Such a result would be unduly harsh, particularly considering the impetus of this discovery dispute was Plaintiff's disregard of Rule 33(a)(1)'s limitations.

The Court also addressed a few additional matters at the status conference. First, the Court found that the limited material Defendants produced in redacted form should have been produced without redactions, but subject to the protective order in place. [Filing No. 42.] Second, Plaintiff raised concerns regarding the manner in which Defendants Bates stamped documents produced in discovery. However, the parties did not adequately meet-and-confer on

3

this issue before Plaintiff raised it with the Court. In any event, Plaintiff's concerns about Bates stamping involve only the manner in which Defendants did so. Given Defendants did Bates stamp documents produced, the Court declines to wade into this particular dispute further, except to remind the parties the Court already has encouraged them ". . . to agree on a numbering system for exhibits in discovery that will assign a unique number to each exhibit, so that the same exhibit number can be used at all depositions and at trial." [Filing No. 9, at ECF p. 2.] Finally, the Court vacated the January 17, 2024, status conference.

### III. Conclusion

For these reasons, the Court sustained Defendants' objections and found that Plaintiff's interrogatories improperly exceeded the limitations set forth in Rule 33(a)(1), and made other rulings as set forth in this order.

Date: 12/21/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email